IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DARYL GREEN,** | * |
| Plaintiff, | * |
| v. | * Civil No. **PJM 17-732** |
| **ROSENBERG & ASSOCIATES, LLC,** *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION

*Pro Se* Plaintiff Daryl Green has asked the Court to reconsider its Opinion and Order entered on March 7, 2018, ECF Nos. 58, 59, in which it granted the Motions to Dismiss filed by Mark D. Meyer, John A. Ansell, III, Kenneth Savitz, Caroline Fields, Jennifer Rochino, and the law firm that employs or employed them, Rosenberg & Associates (collectively the "Rosenberg Defendants"), as well as Wilmington Savings Fund Society, FSB, as Trustee for Primestar-H Fund I Trust ("Wilmington"), Statebridge Company, LLC ("Statebridge"), PROF-2014-S2 Legal Title Trust II, by U.S. Bank National Association as Legal Title Trustee ("U.S. Bank"), and Fay Servicing, LLC ("Fay Servicing"). Defendants oppose the Motion. For the reasons that follow, the Motion is **DENIED.**

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a foreclosure proceeding brought by the Rosenberg Defendants as Substitute Trustees against Green's residence at 15416 Cedar Drive, located in Accokeek, Maryland (the "Property"), in the Circuit Court for Prince George's County in June 2015.[1]

---

[1] Green attempted to remove the underlying state foreclosure proceeding to this Court in Case No. 17-1379, which the Court dismissed on December 28, 2017, as improperly removed. *See Rosenberg v. Green et al.*, No. 17-cv-1379,

Nearly two years after the initiation of the foreclosure action, on March 17, 2017, Green filed the present suit in federal court. ECF No. 1. He alleges that he owns the Property being foreclosed on in fee simple and is in fact in possession of a mortgage note "marked cancelled." *Id.* ¶ 58. He further claims that the notes Defendants assert they possess are "fraudulent" because they are not the notes he signed and are different from the cancelled note in his possession. *Id.* ¶ 61. In effect, he says, Defendants are attempting to "steal his home" by means of a fraudulent foreclosure proceeding. *Id.*

Based on these allegations, Green's brought seven causes of action against all Defendants. These included: 1) violations of the Federal Trade Commission Act and the Consumer Financial Protection Act; 2) violations of the Fair Debt Collection Practices Act; 3) violations of the Fair Credit Reporting Act; 4) violations of the Real Estate Settlement Procedures Act; 5) violations of the Maryland Consumer Debt Collection Act and the Maryland Collection Agency Licensing Act; 6) intentional infliction of emotional distress; 7) violations of the civil Racketeer Influenced and Corrupt Organization statute.

Shortly after filing his Complaint, on March 28, 2017, Green filed an Emergency Motion to Stay the Foreclosure Sale (ECF No. 4), which the Court denied. The Court has previously denied Green's Motion to Appoint Counsel in this case. ECF No. 30.

On April 25, 2017, Green filed a copy of the purported "cancelled note" with an affidavit attesting to its authenticity. ECF No. 12. The note attached to the affidavit was in the amount of $159,000.00 and signed only by Green. *Id*. Though the last page of the note appeared to be stamped "cancelled," there was no indication of when or by whom it was supposedly cancelled. *Id.* Green's affidavit did not volunteer any of these missing details. *Id.*

---

ECF Nos. 58, 59 (D. Md. Dec. 28, 2017). As of the date of this Memorandum Opinion, the state court docket reflects that the case is currently pending before the Maryland Court of Special Appeals.

All Defendants filed motions asking the Court to dismiss the Complaint for failure to state a claim. *See* ECF Nos. 16, 20, 24, 46. On March 7, 2018, the Court granted the Motions to Dismiss, dismissing all of Green's federal claims with prejudice. The Court declined to exercise supplemental jurisdiction over the state law claims and dismissed them without prejudice, noting that this was appropriate given the early stage of the proceeding and because "it appears Green is engaged in nothing more than an attempt to collaterally attack the foreclosure of his home, a proceeding that is currently being litigated in state court." ECF No. 58 at 15. However, in a footnote, the Court stated, "if within ten days, Green files with the Court the original of the purported cancelled note, or a copy of the note, certified by a duly authorized notary public, along with an affidavit by Green affirming, under the penalties of perjury, when the note was paid off as well as how, when, and by whom it was cancelled, the Court may reconsider its rulings herein." *Id.* at 15 n.5.

On March 15, 2018, Green filed the present Motion for Reconsideration with an attached affidavit. ECF No. 60. This time he attaches two mortgage notes. One is the note previously submitted with his April 25, 2017, filing, in the amount of $159,000. ECF No. 60-2 at 1. The other is in the amount of $417,000. ECF No. 60-2 at 4. Neither note is certified; both are copies signed solely by Green that appear to be stamped "cancelled" on the last page. Green's affidavit affirms that "said cancelled notes were received in March of 2012 as a result of lawful business transactions between Daryl A. Green and the initial/originator of the debt C&F Mortgage Corporation. These original notes marked cancelled represent a full satisfaction of the debt it secured." ECF No. 60-1. Based on these submissions, he asks the Court to reconsider its ruling and reinstate the case. ECF No. 60.

Defendants Fay Servicing, U.S. Bank, Statebridge, and Wilmington have filed oppositions. ECF Nos. 61, 62. Green has not replied, but has instead filed a Notice of Appeal. ECF No. 63. On April 6, 2018, the Court of Appeals for the Fourth Circuit issued a letter indicating the appeal will become effective upon entry of an order disposing of the pending Motion by this Court. ECF No. 65.

## II. ANALYSIS

Federal Rule of Civil Procedure 60(b) provides relief from a final court judgment or order for, *inter alia*, fraud, misrepresentation, or misconduct by an opposing party or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(3), (6). However, Rule 60(b) relief is "extraordinary." *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979). Indeed, in addition to demonstrating that one of the grounds for relief listed in the Rule is present, the moving party must also "make a threshold showing that (1) its motion was timely made; (2) it had a meritorious defense; (3) no unfair prejudice to the opposing party would result; and (4) exceptional circumstances warranted relief from the judgment." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 426 n.12 (4th Cir. 2010).

In light of Green's allegations of fraud, the Court left open the possibility of reconsideration of its order of dismissal if Green could produce an original or certified copy of the supposedly original cancelled notes he claims to have in his possession. However, Green's Motion and the attached affidavit fail to provide any of the requested information. To start, though the affidavit is notarized, the documents themselves are not. Moreover, his affirmation that "he received them in March 2012 as a result of lawful business transactions" with C&F Mortgage Corporation does not enlighten the Court as to when, how, or by whom the notes were

supposedly cancelled. In short, Green continues to avoid providing specific details as to how the notes were satisfied and who cancelled them to support his claims of fraud.

Instead, Green uses his Motion to rehash his claims that were already considered by the Court in its March 7, 2018, Opinion. Thus, he has not shown exceptional circumstances to warrant reconsideration under Rule 60(b). If indeed Green can demonstrate the notes have really been cancelled and that one or more of the Defendants are engaging in fraud on the Court, he can do so in the underlying foreclosure proceeding.

The case, in any event, does not belong in federal court.

### III. CONCLUSION

For the foregoing reasons, Green's Motion for Reconsideration or Reinstatement of the Case (ECF No. 60) is **DENIED.**

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE**

**April 19, 2018**